```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Robert L. Lytle, Jr.,              :

       Plaintiff,            :    Case No. 2:15-cv-3117

  v.                               :    JUDGE ALGENON L. MARBLEY
                                       Magistrate Judge Kemp
Sheriff Zach Scott, et al.,        :

       Defendants.           :

                    REPORT AND RECOMMENDATION

Plaintiff Robert L. Lytle, Jr. filed this prisoner civil rights case on December 29, 2015.  In an order dated January 12, 2017, the Court, noting that Defendants Matthew R. Baughman, Randal C. Beam, Jr, Todd M. Cress, Craig Goodman, Phillip Harrow, Jennifer A. Mancini, Vincent Napier, and T. Zimmerman had moved for summary judgment and that Mr. Lytle had not responded, directed him to file a response within fourteen days, and warned him that failure to do so could be grounds for dismissal.  On January 18, 2017, Defendants Sheriff Zach Scott and Abib Mohamed, M.D. also moved for summary judgment.  Mr. Lytle did not respond to that motion, either.  By order dated February 21, 2017, the Court advised Mr. Lytle that if he did not respond to either motion within fourteen days, the Court would recommend dismissal of the entire case for failure to prosecute.  Mr. Lytle has not filed any response.

If the plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b).  <u>Link v. Wabash R. Co.</u>, 370 U.S. 626 (1962); <u>Boudwin v. Graystone Insurance Co.</u>, 756 F.2d 399 (5th Cir. 1985).  Dismissal for failure to prosecute can occur where,

for example, a plaintiff fails to respond to an order directing that he file a brief.  Dynes v. Army Air Force Exchange Service, 720 F.2d 1495 (11th Cir. 1983). Ordinarily, some notice of the court's intention to dismiss for failure to prosecute is required, see Harris v. Callwood, No. 86-4001 (6th Cir. April 21, 1988), but that requirement is met if the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs.  Sepia Enterprises, Inc. v. City of Toledo, 462 F.2d 1315 (6th Cir. 1972)(per curiam).  Such a dismissal is also appropriate for failure to respond to a summary judgment motion.  See Stanley v. Continental Oil Co., 536 F.2d 914 (10th Cir.  1976); see also Lang v. Wyrick, 590 F.2d 257 (8th Cir. 1978).

 The facts of this case indicate a clear failure to prosecute.  In its most recent order, the Court specifically advised Mr. Lytle of the date by which his response to both summary judgment motions was due, and that this action would be dismissed if he failed to respond.  No response was filed.  The Court's previous orders have not been returned as undeliverable, and the Court assumes Mr. Lytle received them.  He has not offered any reason for his failure to respond.  Therefore, the Court can only conclude that the failure to respond is intentional.  An intentional failure to respond to a court order is sufficient justification for a dismissal.

 For this reason, it is recommended that this action be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## PROCEDURE ON OBJECTIONS

 If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made,

together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge