IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT L. LYTLE, JR., | : | |
| Plaintiff, | : | Case No. 2:15-cv-3117 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| SHERIFF ZACH SCOTT, *et al.*, | : | Magistrate Judge Kemp |
| Defendants. | : | |

## ORDER

This matter comes before the Court on a **Report and Recommendation** from the Magistrate Judge recommending that Robert Lytle's § 1983 action be dismissed for failure to prosecute. (Doc. 25). For the reasons set forth below, the Court **ADOPTS** that **Report and Recommendation** and dismisses this suit with prejudice.

## I. BACKGROUND

Robert Lytle, a pro se inmate, filed suit under § 1983 seeking damages for various constitutional violations stemming from his January 16, 2014 arrest at the "Old Landmark Bar." (Doc. 1). Lytle named the following defendants: Franklin County Sheriff Zach Scott; Abib Mohamed, MD (the "Franklin County Defendants"); Columbus Division of Police officers Todd Cress, Randall Beam, Jennifer Mancini, Tricia Zimmerman, Craig Goodman, and Matthew Baughman, and Columbus Division of Fire firefighters/paramedics Philip Harrow and Vincent Napier (the "Columbus Defendants"). Lytle alleged that he was subjected to the use of excessive force, not protected from the use of excessive force, and denied medical treatment by the Columbus Defendants during his arrest. He also alleged that the Franklin County Defendants were deliberately indifferent to his serious medical needs in the wake of that arrest.

1

On November 30, 2016, the Columbus Defendants moved for summary judgment on all claims against them. (Doc. 19). After the time for responding to that motion expired, the Magistrate Judge entered an order directing Lytle to file an opposing memorandum, "if any, within fourteen days of the date of this order," which was docketed on January 12, 2017. (Doc. 20, PageID 180). The Magistrate Judge explicitly warned Lytle that a failure to respond "may result either in the motion being treated as unopposed, or in dismissal of this action for failure to prosecute." (*Id.*). Despite this warning, Lytle never responded to the Columbus Defendants' motion for summary judgment.

On January 18, 2017, the Franklin County Defendants likewise moved for summary judgment on all claims against them. (Doc. 23). Here again, after the twenty-one day deadline for filing a response-in-opposition had expired, the Magistrate Judge entered an order: (1) reminding Lytle that he failed to respond to the Columbus Defendants' earlier motion for summary judgment; (2) notifying Lytle that he failed timely to respond to the Franklin County Defendants' motion for summary judgment; and (3) warning Lytle that "[i]f he does not respond to either motion within fourteen days, the Court will recommend dismissal of the entire case for failure to prosecute." (Doc. 24, PageID 194).

One month later, the Magistrate issued a Report and Recommendation, recommending that this Court dismiss Lytle's entire suit for failure to prosecute. (Doc. 25). In that Report and Recommendation, the Magistrate explicitly warned Lytle that he could file an objection to the recommendation to dismiss within fourteen days, but that a failure to object would operate as a waiver of de novo review and the right to appeal the decision of the district court to adopt the Report and Recommendation. (*Id.* at PageID 197 (citations omitted)). Another two months have passed, and Lytle has failed to file an objection to the Report and Recommendation.

## II. LEGAL STANDARDS

Trial courts possess inherent authority to dismiss a plaintiff's action with prejudice due to a failure to prosecute. *Link v. Wabash Ry. Co.*, 370 U.S. 626, 629-30 (1962). This longstanding power stems from the need to prevent undue delays in disposing of cases and to "avoid congestion in the calendars of the District Courts." *Id.* Federal Rule of Civil Procedure 41(b) effectively codified this "ancient," inherent power to dismiss for failure to prosecute. *Id.* at 630 (citing Fed. R. Civ. P. 41(b)); *see also Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) ("This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." (quotation omitted)). The decision to dismiss for failure to prosecute lies in the sound discretion of the trial court. *Knoll*, 176 F.3d at 363.

Under 28 U.S.C. § 636(b), parties must file written objections to the proposed recommendations of a magistrate judge within fourteen days of being served with a copy. So long as a party was "properly informed of the consequences of failing to object" under § 636(b), "the party waives subsequent review by the district court . . . if it fails to file an objection." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citations omitted).

## III. ANALYSIS

Here, the Magistrate Judge properly advised Lytle of the consequences of failing to object to the Report and Recommendation that recommended his suit be dismissed. (Doc. 25). Lytle nevertheless opted not to file any objections. Accordingly, he has waived any review of that recommendation by this Court. *Miller*, 50 F.3d at 380; *see also, e.g.*, *Hughes v. Wilson*, 86 F. App'x 900, 901 (6th Cir. 2004) (affirming district court's dismissal of suit after plaintiff failed to file objections to magistrate judge's report and recommendation).

Even under de novo review (which Lytle waived by not objecting), the Court agrees with the Magistrate that dismissal is appropriate. Lytle has abandoned his own lawsuit. He has failed to respond to the defendants' motions for summary judgment over the past six months, despite repeated and persistent admonishments from the Magistrate Judge to do so, and despite clear warnings that a failure to respond could result in dismissal. Dismissal is appropriate under these circumstances. *See, e.g.*, *Dynes v. Army Air Force Exchange Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (affirming dismissal for failure to prosecute where litigant failed to file a brief ordered by the district court); *Lang v. Wyrick*, 590 F.2d 257, (8th Cir. 1978) (per curiam) (affirming dismissal for failure to prosecute where plaintiff "ignored [district court's] repeated requests to file a response to the defendants' motion to dismiss"); *Stanley v. Continental Oil Co.*, 536 F.2d 914, 916-17 (10th Cir. 1976) (affirming dismissal for failure to prosecute where plaintiff failed to respond to defendant's motion for summary judgment "notwithstanding the patient guidance of the trial court and the court's obvious reluctance to foreclose [the plaintiff's] 'day in court'"). The Court is sensitive to Lytle's status as a pro se litigant. But the Court cannot hand-hold litigants who abuse court deadlines and court orders and who show, at best, a sporadic and fleeting interest in their own cause of action. In the interest of judicial efficiency, docket management, and the wise stewardship of tax dollars, the Court exercises its inherent power and its discretion under Rule 41(b) in dismissing this suit for failure to prosecute.

## IV. CONCLUSION

For these reasons, the Court **ADOPTS** the Magistrate Judge's **Report and Recommendation**. (Doc. 25). This case is **DISMISSED** with prejudice. The defendants' motions for summary judgment (Docs. 19 and 23) are **DENIED AS MOOT** in light of this Order.

**IT IS SO ORDERED.**

                __*s/ Algenon L. Marbley*__
                **ALGENON L. MARBLEY**
                **UNITED STATES DISTRICT JUDGE**

**DATED: May 24, 2017**